M. S. HEDRICK *v.* THOMAS AND CHARLOTTE BANNISTER.

Same case, 10th Annual, pages 208 and 792.

The circumstance of plaintiff having suffered more than four years to elapse from the maturity of the due-bill held by him before he put it in suit, combined with the fact of a settlement made in the mean time between the parties, which purported to be in full of all demands, is sufficient to throw upon the plaintiff the *onus* of proving that the consideration of the due-bill was something distinct from the credit allowed him in the settlement in question.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Collins & Wooldridge*, for plaintiff and appellant. *Durant & Hornor*, for defendants.

BUCHANAN, J. The plaintiff has suffered two nonsuits upon the same cause of action stated in his petition in this case. See the facts detailed in the opinions of this court, reported in 10 An. 208 and 792.

The circumstance of plaintiff having suffered more than four years to elapse from the maturity of *Mrs. Bannister's* due-bill held by him before he put it in suit, combined with the fact of a settlement made in the mean time between plaintiff and *Mrs. Bannister*, which purported to be in full of all demands, appeared to us sufficient to throw upon plaintiff the *onus* of proving that the consideration of the due-bill was something distinct from the credit allowed him in the settlement in question. That settlement is in the form of an account current, with a receipt of plaintiff at bottom for the balance therein shown to be due him "in full."

The only evidence offered by plaintiff in the present suit, to make out an existing indebtedness on the part of defendants, notwithstanding his receipt in full, is the testimony of two witnesses, named *Beachbard* and *Mrs. Warner*, of acknowledgments made in their presence by *Mrs. Bannister*, after the decision of the case reported in 10 An. 792, to the effect that she had resisted *Hedrick's* claim in that suit "out of revenge;" that she would have paid *Hedrick* the thousand dollars which she borrowed of him "had he behaved himself."

We agree with the District Judge in considering the testimony of these two witnesses unreliable, even were they not contradicted, as one of them is, by another witness.

In the cross-examination of *Beachbard* and of *Mrs. Warner*, it appears that they were strangers to *Mrs. Bannister*, and were never in her store but twice. These visits having reference to the purchase of a lady's bonnet, were, according to *Beachbard*, in January, 1856, and according to *Mrs. Warner*, in January or February, 1856.

The decision of this court in the former suit was rendered in December, 1855, and the present suit was instituted January 24th, 1856. If we are to believe these witnesses, *Mrs. Bannister* was very busily engaged in the interval between the decision of one suit and the commencement of the other in making out a case for her adversary under the decision of this court by boasting to chance customers that she had got an unjust advantage of *Hedrick;* and those customers must have lost no time in conveying those indiscreet avowals to *Hedrick*, although one of them (*Beachbard*) was a stranger to *Hedrick*, and the other (*Mrs. Warner*) considers him, to use her own language, as "very mean."

The judgment of the court below was a nonsuit. The appellees pray that this judgment be amended by awarding a final judgment in their favor. We think them entitled to that amendment of the judgment. Plaintiff has had abundant notice and opportunity to show that the loan, which was the consideration of the due-bill sued on, was not the same as that which figures to his credit in the account current and settlement made eight months after the maturity of that due-bill. The difference of fifty dollars in the amount of the due-bill and of the credit in the account current (the latter being $1050 and the former $1000) would be but the interest, at seven and one-half per cent. of the amount of the due-bill from its maturity until the settlement.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended, and that there be judgment for defendants, with costs in both courts.